AMERICAN MOTORISTS INSURANCE CO., and St. Paul Fire & Marine Insurance Co., Plaintiffs-Appellants, Cross-Appellees,

v.

AMERICAN EMPLOYERS' INSURANCE COMPANY, Defendant-Appellee, Cross-Appellant.

No. 78–3043

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1979.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**16**

Phelps, Dunbar, Marks, Claverie & Sims, James H. Roussel, George A. Gaitas, New Orleans, La., for St. Paul Fire & Marine Ins.

Charles F. Lozes, Alan L. Offner, New Orleans, La., for American Motorists.

Frank M. Brame, Lake Charles, La., for defendant-appellee, cross-appellant.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM.

The parties in this action, three insurance companies, each contributed funds in settlement of a tort action brought against their common insured. Two of the companies then brought this declaratory judgment action against the third to determine the companies' respective liabilities under the settlement agreement. The district court entered a judgment from which the plaintiffs appeal.

This court *sua sponte* raises a question concerning its subject matter jurisdiction. The alleged jurisdictional basis for this action is diversity of citizenship. When jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states. *McGovern v. American Airlines, Inc.*, 511 F.2d 653 (5th Cir. 1975).

In this case the plaintiffs' complaint simply alleged that all three parties were "foreign corporations" which were "licensed to do business and doing business in Louisiana." It failed, however, to specify the citizenship of the parties.[1] Because of this defect in the pleadings, we cannot tell if in fact the parties are diverse. Accordingly, we remand the case to the district court for it to determine if there is jurisdiction. It can do this by giving the plaintiffs an opportunity to amend their defective pleadings. *See* 28 U.S.C. § 1653. Of course, if the amendments show that there is no diversity of citizenship, the district court must dismiss the action.

REMANDED.

---

1. For purposes of determining diversity of citizenship a corporation is deemed "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c). The plaintiffs are required to provide this information in their pleadings.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.