**Candy THURSTON, et al., Plaintiffs,**

v.

**Leslie F. PAGE, D.O., et al., Defendants.**

**Civil Action No. 95–2058–GTV.**

United States District Court, D. Kansas.

March 8, 1996.

Michael E. Callen, Boddington & Brown, Chtd., Kansas City, KS, William H. Pickett, Gregory J. Abella, William H. Pickett, P.C., Kansas City, MO, for Candy Thurston and Bobby Thurston.

James D. Griffin, BK Christopher, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for Leslie F. Page, D.O.

M. Warren McCamish, Williamson & Cubbison, Kansas City, KS, for Patrick Dunlap, MD.

Scott K. Logan, M. Bradley Watson, Logan & Logan, L.C., Prairie Village, KS, Brian J. Niceswanger, McDowell, Rice & Smith, P.C., Kansas City, MO, Cynthia J. Sheppeard, Weathers & Riley, Topeka, KS, for Newman Young Clinic, PA.

Cynthia J. Sheppeard, Weathers & Riley, Topeka, KS, Ronald D. Heck, Kaylene Leiker, Heck, Hendrix, Wright & Sheppeard, Topeka, KS, for Mercy Hospitals of Kansas Inc.

Robert P. Numrich, Robert P. Numrich, Evans & Dixon, Kansas City, MO, Martha M. Weast, Evans & Dixon, Leawood, KS, for Barry Galbraith, DO.

Brian J. Niceswanger, McDowell, Rice & Smith, P.C., Kansas City, MO, for Robert Nichols, MD and David Phelps, MD.

Leigh C. Hudson, Hudson & Mullies, Fort Scott, KS, for Marty Schmidt, MD.

## *MEMORANDUM AND ORDER*

VAN BEBBER, District Judge.

This case is before the court on the following motions:

Motion of defendant Mercy Hospitals of Kansas, Inc. for dismissal for lack of diversity jurisdiction (Doc. 63);

Motion of defendant Marty Schmidt, M.D. for dismissal for lack of diversity jurisdiction (Doc. 64);

Motion of defendants Robert Nichols, M.D. and David Phelps, M.D. for dismissal for lack of diversity jurisdiction (Doc. 65);

Motion of defendant Newman–Young Clinic, P.A. for dismissal for lack of diversity jurisdiction (Doc. 67); and

Motion of defendant Barry Galbraith, D.O. for dismissal for lack of diversity jurisdiction (Doc. 68).[1]

Defendants seek dismissal pursuant to Fed. R.Civ.P. 12(b)(1) and (c). Plaintiffs have responded and oppose the motions. For the reasons set forth below, the motions are denied.

This is a medical malpractice case in which plaintiffs Candy Thurston, Bobby Thurston, and Tyler Thurston seek recovery for personal injuries to Candy Thurston and her son, Tyler Thurston. The alleged injuries arise out of the medical care provided to Candy and Tyler during the time surrounding the birth of Tyler. Plaintiff Bobby Thurston is the father of Tyler and seeks recovery on behalf of his son.

In the motions to dismiss, defendants raise two issues. First, defendants contend that plaintiffs have failed to properly plead diversity jurisdiction. Second, defendants contend that one of the defendants, Patrick Dunlap, M.D., is not a diverse party. Finally, defendant Mercy Hospitals of Kansas, Inc. ("Mercy Hospitals") filed a supplemental memorandum in support of the motion to dismiss which raises the question whether defendant Barry Galbraith, D.O. is a diverse party.

## *PLEADING DIVERSITY JURISDICTION*

Plaintiffs allege in their second amended complaint that they are citizens of the state of Missouri. Plaintiffs fail to allege the specific citizenship of the defendants. Instead, plaintiffs allege that each of the individual defendants is a citizen of a state other than the state of Missouri. Plaintiffs allege the specific state of incorporation of the two corporate defendants, but fail to allege affirmatively the state of each corporation's principal place of business. Defendants contend that this manner of pleading is not sufficient to plead diversity jurisdiction.

■ As a general rule, a plaintiff invoking diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 must specifically allege the citizenship of each defendant. 13B Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3611, at 517–18 (2d ed. 1984) (A negative statement that a party is not a citizen of a particular state is not sufficient because it does not eliminate the possibility that the party is not a citizen of any state.); *see also American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir.1979); *Walsh v. International Precious Metals Corp.*, 510 F.Supp. 867, 873 (D.Utah 1981).

■ "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; *Penteco Corp. Ltd. Partnership v. Union Gas System, Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991). Amendment of the pleadings is freely permitted to cure defective allegations of citizenship. Wright, *supra*, § 3611, at 518. The court will allow plaintiffs the opportunity to amend their complaint to specifically aver the citizenship of each of the defendants.

## *DISMISSAL OF A NON–DIVERSE PARTY*

■ Defendants contend that defendant Patrick Dunlap, M.D., is a citizen of Missouri

---

1. Defendant Mercy Hospitals of Kansas, Inc. has requested oral argument on the motions to dismiss. The court has determined that oral argument will not materially assist in the resolution of the motions. The request is denied. D.Kan.R. 7.2.

and that, therefore, the court does not have diversity jurisdiction because there is not complete diversity between the plaintiffs and defendants. Subsequent to the filing of the motions to dismiss, plaintiffs voluntarily dismissed defendant Dunlap. The question remains whether dismissal cured the possible jurisdictional defect.

■ Pursuant to Fed.R.Civ.P. 21, parties may be dropped by order of the court on the motion of any party. The court may allow voluntary dismissal of a non-diverse party as a means of preserving diversity jurisdiction. *United States for the Use and Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir.1995) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 837, 109 S.Ct. 2218, 2225, 104 L.Ed.2d 893 (1989); *Harris v. Illinois–California Express, Inc.*, 687 F.2d 1361, 1369 (10th Cir.1982) ("a non-diverse party whose presence is not essential under Rule 19, ... may be dropped to achieve diversity"); 7 Wright, *supra*, § 1685, at 457. Defendants have not argued that defendant Dunlap is a party whose presence in the action is necessary for a just adjudication. Defendants did not object to Dunlap's dismissal from the case.

The court concludes that plaintiffs' dismissal of defendant Dunlap cured any defect in diversity jurisdiction which arose due to Dunlap's alleged Missouri citizenship. Defendants' motions to dismiss are denied on this basis.

*TIME FOR DETERMINATION OF DIVERSITY*

■ Finally, defendant Mercy Hospitals has raised the question of the citizenship of defendant Barry Galbraith, D.O. in a supplemental memorandum in support of its motion to dismiss (Doc. 84). Defendant Mercy Hospitals contends that defendant Galbraith is a Missouri citizen, and that, therefore, the court does not have diversity jurisdiction.

Plaintiffs filed the original complaint in this action on February 3, 1995. On March 1, 1995, plaintiffs amended the complaint to add defendant Galbraith. Defendant Mercy Hospitals contends that defendant Galbraith changed his citizenship from Kansas to Missouri in May 1995. On July 10, 1995, plaintiffs filed a second amended complaint which added additional parties.

■ Diversity of citizenship is determined at the commencement of the action. *Freeport–McMoRan, Inc., v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 859, 112 L.Ed.2d 951 (1991). Commencement of the action occurs at the time the complaint is filed. 13B Wright, *supra*, § 3608. "Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." *Freeport–McMoRan*, 498 U.S. at 428, 111 S.Ct. at 860. Jurisdiction is not defeated by subsequent events, including a change in citizenship of one of the parties. *Id.* Amendment of the complaint will not operate to divest the court of diversity jurisdiction, unless the complaint asserts an entirely different cause of action. *New Bank of New England, N.A. v. Tritek Communications, Inc.*, 143 F.R.D. 13, 16 (D.Mass.1992).

At the commencement of the present action, it appears from the record that defendant Galbraith was a citizen of Kansas. In the amended complaints, plaintiffs did not assert any different causes of action which would serve to divest the court of jurisdiction. Galbraith's change of citizenship to the state of Missouri after the filing of the complaint is irrelevant to the question of diversity jurisdiction. The motions to dismiss of defendants are denied.

IT IS, THEREFORE, BY THE COURT ORDERED that the motion of defendant Mercy Hospitals of Kansas, Inc. for dismissal for lack of diversity jurisdiction (Doc. 63) is denied.

IT IS FURTHER ORDERED that the motion of defendant Marty Schmidt, M.D. for dismissal for lack of diversity jurisdiction (Doc. 64) is denied.

IT IS FURTHER ORDERED that the motion of defendants Robert Nichols, M.D. and David Phelps, M.D. for dismissal for lack of diversity jurisdiction (Doc. 65) is denied.

IT IS FURTHER ORDERED that the motion of defendant Newman–Young Clinic, P.A. for dismissal for lack of diversity jurisdiction (Doc. 67) is denied.

156

IT IS FURTHER ORDERED that the motion of defendant Barry Galbraith, D.O. for dismissal for lack of diversity jurisdiction (Doc. 68) is denied.

IT IS FURTHER ORDERED that plaintiffs are directed to file an amended complaint on or before March 22, 1996, to attempt to remedy the pleading deficiencies. Plaintiffs are directed to plead specifically the state of citizenship of every defendant at the time of commencement of the action. Failure to comply with this provision of this order may result in the action being dismissed for lack of prosecution.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**