Richard MARTIN, Plaintiff,

v.

CTB, INC.; et al., Defendants and Third–Party Plaintiff,

v.

Paslode Corporation, et al., Third–Party Defendants.

Thomas Beatty, Plaintiff,

v.

CTB, Inc.; et al., Defendants and Third–Party Plaintiff,

v.

Paslode Corporation, et al., Third–Party Defendants.

James Beatty, Plaintiff,

v.

CTB, Inc.; et al., Defendants and Third–Party Plaintiff,

v.

Paslode Corporation, et al., Third–Party Defendants.

Charles Coates, Plaintiff,

v.

CTB, Inc.; et al., Defendants and Third–Party Plaintiff,

v.

Paslode Corporation, et al., Third–Party Defendants.

Fred Cooper and Earl Cooper, Plaintiffs,

v.

CTB, Inc., et al., Defendants and Third–Party Plaintiff,

v.

Paslode Corporation, et al., Third–Party Defendants.

Nos. CIV. A. 99–T–703–N, CIV. A. 99–T–704–N, CIV. A. 99–T–705–N, CIV. A. 00–T–1081–S, CIV. A. 00–T–1200–N.

United States District Court, M.D. Alabama, Northern Division.

July 12, 2001.

Jere L. Beasley, Rhon E. Jones, Larry A. Golston, Jr., Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, M. Adam Jones, Hall Smith & Jones, Dothan, AL, Lynn Robertson Jackson, Adams, Spivey & Adams, LLC, Clayton, AL, L. Shane Seaborn, Jinks Daniel Crow & Seaborn LLC, Clayton, AL, Tiernan W. Luck, III, Luck Prescott & Associates, Montgomery, AL, for Plaintiffs.

F. Chadwick Morriss, Rachel Sanders–Cochran, Amy V. Bowman, Rushton, Stakely, Johnston & Garrett, P.A., D. Mitchell Henry, Montgomery, AL, Deborah Whitmore Hicks, Eufaula, AL, Helen Johnson Alford, Frank L. Parker, Jr., Margaret Holladay Alves, Carr, Alford, Clausen & McDonald, LLC, Mobile, Richard E. Broughton, Brandy A. Adkins, Ball, Ball, Matthews & Novak, P.A., Montgomery, AL, for Defendants.

Paslode Corporation, Montgomery, AL, Pro se.

J & S Tool and Fastener, Inc., Kansas City, KS, Pro se.

Charoen Pokphand (USA), Inc., Huntville, AL, Pro se.

## ORDER

MRYON H. THOMPSON, District Judge.

Plaintiffs filed these five lawsuits in state court charging defendants Latco, Inc., and others with fraud, negligence, and breach of contract in connection with the construction of chicken broiler houses. Defendants asserted federal jurisdiction on the basis of diversity-of-citizenship under 28 U.S.C.A. § 1332, and removed these lawsuits from state to federal court pursuant to 28 U.S.C.A. § 1441. Latco later filed third-party complaints in all five cases against Paslode Corporation and others.

In an earlier order, the court found that the addition of Latco's third-party claims in these cases does not defeat removal jurisdiction because in these factual circumstances, where plaintiffs do not have claims against the third-party defendants, " '[t]he fact that [plaintiffs] and [third-party defendants] may be co-citizens is completely irrelevant.' " *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 66 n. 1, 117 S.Ct. 467, 471 n. 1, 136 L.Ed.2d 437 (1996) (quoting 3 James Wm. Moore, Moore's Federal Practice 3d § 14.41[2] at 14–80 (3d ed.2000)). However, there still is the question whether the court has jurisdiction over the third-party complaints themselves.

■ First, because federal courts are courts of limited jurisdiction, jurisdiction must be affirmatively alleged by the party making a claim or complaint. *See McNutt v. General Motors Acceptance Corporation of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Kirkland Masonry v. Commissioner of Internal Revenue,* 614 F.2d 532, 533 (5th Cir.1980) (per curiam).* And the fact that jurisdiction is established over the underlying case does not relieve the party asserting new claims of the obligation of asserting a basis for subject-matter jurisdiction over the new claims. *See* 3 James Wm. Moore, Moore's Federal Practice 3d § 14.41[1] at 14–79 (3d

* In *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

ed. 2000) ("Once federal subject matter jurisdiction is established over the underng case, other claims may be asserted but, again, only if they individually invoke a basis of subject matter jurisdiction. It ars emphasis that the assessment of whether there is subject matter jurisdiction must be undertaken *for every individual claim asserted in federal court.* Thus, it is not sufficient that the underlying dispute invokes subject matter jurisdiction— every claim must do so.") (emphasis in original).

 Therefore, before a federal court may entertain a defendant's third-party complaint, the defendant must allege in the third-party complaint some adequate basis for federal jurisdiction. Because Latco's third-party complaints do not do this, Latco must amend them to allege jurisdiction affirmatively.

 Second, in a brief filed with the court, Latco suggests that the basis for the court's jurisdiction is supplemental jurisdiction, 28 U.S.C.A. § 1367. However, "[i]f a claim independently satisfies federal question or diversity jurisdiction, supplemental jurisdiction is not needed and should not be addressed." 3 James Wm. Moore, Moore's Federal Practice 3d § 14.41[3] at 14–82 (3d ed.2000).

Therefore, the court and the parties should first look to whether federal-question jurisdiction, 28 U.S.C.A. § 1331, or diversity-of-citizenship jurisdiction, 28 U.S.C.A. § 1332, is present before addressing whether supplemental jurisdiction is present for each claim. In the case at bar, it does not appear that federal-question jurisdiction is present. However, it appears that diversity-of-citizenship jurisdiction may be present; the court cannot tell. If diversity jurisdiction exists, Latco should amend its third-party complaints to allege such; that is, in each case each party's citizenship must be distinctly and affirmatively alleged, *see McGovern v. American Airlines, Inc.,* 511 F.2d 653, 654 (5th Cir.1975) (per curiam), and § 1332

requires that these allegations show that in each case the citizenship of each and every defendant and third-party plaintiff is different from that of each and every third-party defendant. *See Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1557 (11th Cir.1989) ("Very early in the judicial history of this country, the Supreme Court established the rule of complete diversity of citizenship in *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). This rule requires that all plaintiffs and all defendants must be of different citizenship."). If diversity jurisdiction is not present, Latco should amend its third-party complaints to allege supplemental jurisdiction or some other appropriate basis for jurisdiction.

Furthermore, because Latco and the third-party defendants all appear to be corporations, Latco should keep in mind that, in order to assert diversity jurisdiction where a corporation is a party, it is necessary to allege the citizenship of both the State of incorporation *and* the State where the corporation has its principal place of business. *See* 28 U.S.C.A. § 1332(c)(1); *American Motorists Ins. Co. v. American Employers' Ins. Co.,* 600 F.2d 15, 16 & n. 1 (5th Cir.1979) (per curiam).

Accordingly, it is ORDERED that defendant Latco, Inc., is allowed until July 27, 2001, to amend its third-party complaints to assert the basis for jurisdiction in this court, 28 U.S.C.A. § 1653; otherwise, the third-party complaints in these five cases will be dismissed without prejudice.