Ted A. MCCRACKEN, Plaintiff,

v.

Frank P. MURPHY and Murphy, Oliver, Caiola & Gowen, LLC, Defendants.

No. Civ.A.03–5041.

United States District Court, E.D. Pennsylvania.

July 23, 2004.

---

Ted A. Mccracken, North Wales, PA, pro se.

Carla E. Connor, Murphy and Oliver, P.C., Frank P. Murphy, Murphy, Woodward & Haskins, Norristown, PA, for Defendants.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

### I. INTRODUCTION.

*Pro se* plaintiff, Ted: A. McCracken, was injured in an automobile collision, which occurred on September 1, 1999, when a tractor trailer moved into plaintiff's lane of travel. Defendants Frank Murphy and the law firm of Murphy, Oliver, Cailoa & Gowen, LLP represented plaintiff in a personal injury action brought in federal court in the Eastern District of Pennsylvania. The case (the "underlying personal injury lawsuit") did not go to trial and was settled, pursuant to an agreement whereby plaintiff received approximately $90,000 in exchange for a general release.

The complaint in the instant action, filed while plaintiff was incarcerated in a state correctional facility, brings state law claims of professional negligence, breach of contract and "collusion" against the defendants based on defendants' handling of plaintiff's underlying personal injury lawsuit. Presently before the Court is defendants' motion to dismiss and/or motion for summary judgment. In the two motions, defendants argue that the case should be dismissed for lack of federal subject matter jurisdiction. As asserted by defendants, all of the parties in this action were citizens of Pennsylvania at the time the suit was commenced; thus, in defendants' view, the case should be dismissed for failing to meet the diversity requirements of 28 U.S.C. § 1332(a)(1). Because the Court finds that plaintiff has failed to meet

his burden of showing that subject matter jurisdiction is proper, the Court will grant defendants' motions.

## II. APPLICABLE LEGAL PRINCIPLES.

■ For diversity of citizenship jurisdiction to exist, 28 U.S.C. § 1332(a)(1) requires that the controversy be between "citizens of different States." 28 U.S.C. § 1332(a)(1). As a matter of judicial gloss, this formulation means that plaintiff (as the party asserting federal jurisdiction) "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir.1979); *see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir.2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction"). "[A] negative statement that a party is not a citizen of a particular state" will not suffice. Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, 13B *Federal Practice & Procedure* § 3611, at 517–18 (1984)(relying on *Cameron v. Hodges*, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888); *Blair Holdings Corp. v. Rubinstein*, 122 F.Supp. 602 (S.D.N.Y.1954)).

■ Generally, there is a presumption against the existence of federal jurisdiction, and the party invoking the federal court's jurisdiction bears the burden of proof. 13A *Federal Practice and Procedure* § 3522, at 62; *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). A plaintiff bears the burden of proving that diversity of citizenship exists and ordinarily must prove diversity of citizenship by a preponderance of the evidence. *See Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir.1972).

■ For purposes of determining diversity, state citizenship is equated with domicile. *Krasnov;* 465 F.2d at 1300; *Parr v. Grenko*, 1993 WL 259327, *1, 1993 U.S. Dist. LEXIS 9122, at *3 (E.D.Pa. Jul. 9, 1993). Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another. *Id.* Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile *Id.* Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual. *See Federal Practice & Procedure* § 3612, at 530–31; *see also Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir.1995); *Krasnov*, 465 F.2d at 1301; *Connors v. UUU Products*, No. 03–6420, 2004 WL 834726, *3, 2004 U.S. Dist. LEXIS 6417, at *8 (E.D.Pa. Mar. 15, 2004).

■ As noted, plaintiff was an inmate at a state correctional institution when the action was commenced. For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state. *See Flanagan v. Shively*, 783 F.Supp. 922, 935 (E.D.Pa.1992), *aff'd without opinion*, 980 F.2d 722 (3d Cir.1992); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir.2002).

## III. THE PARTIES' CONTENTIONS AND EVIDENCE.

### A. Defendants' Citizenship.

As noted, the defendants in this action are Frank P. Murphy and his former law firm, Murphy, Oliver, Caiola and Gowen LLC. According to an affidavit signed by

Mr. Murphy, he was a citizen of Pennsylvania in September of 2003, the month in which this action was commenced. Mr. Murphy also avers that, although the law firm no longer functions as a law firm (and has not been formally dissolved), it was organized and existed under the laws of Pennsylvania and its principal place of business was in Norristown, Montgomery County, Pennsylvania at the time the instant action was commenced. In addition, the affidavit states that the law firm was a citizen of Pennsylvania at the time the action was commenced.[1]

### B. *Plaintiff's Citizenship.*

It is not disputed by the parties that plaintiff was incarcerated during the period between March of 2002 and October of 2003 serving two consecutive prison sentences, the first in Maryland and the second in Pennsylvania. Because this case was filed in September of 2003 while Mr. McCracken was incarcerated, his citizenship lies in the state in which he was domiciled prior to his incarceration or the state in which Mr. McCracken planned to have his domicile after release from incarceration. *See Flanagan,* 783 F.Supp. at 935. The complaint avers that plaintiff "was" a resident of New York. Defendants assert that during the periods before and following Mr. McCracken's incarceration, in fact, he was domiciled in Pennsylvania.

1. *Evidence in Support of Pennsylvania as Plaintiff's State of Citizenship.*

In support of the argument that plaintiff was domiciled in Pennsylvania prior to his incarceration, defendants point to the following documentary and/or testimonial evidence:

a) Prior to plaintiff's incarceration, in September of 1999, plaintiff provided Delaware police in a police report relating to the automobile accident which gave rise to the underlying personal injury action the following address: 15 Derry Road, North Whales, Pennsylvania 19454 (the "North Whales Address");[2]

b) In correspondences between plaintiff and defendants relating to the underlying personal injury lawsuit, dated April 10, 2001, May 14, 2001 and August 16, 2001, plaintiff used the North Whales Address under his name in the letterhead of the correspondences;

c) Just prior to his incarceration, plaintiff was issued a Pennsylvania driver's license on January 12, 2002 that shows the North Whales Address; in addition, plaintiff's Department of Transportation motor vehicle registration application, dated January 22, 2002, indicates that plaintiff's address is the North Whales Address;

d) Plaintiff signed a settlement agreement on January 31, 2002 indicating that his address for the past "three months" was in North Whales;

e) Plaintiff has testified, at his deposition in this case, that prior to his period of incarceration between 2002 and 2003, he "might have stayed there [at his mother's address in North Whales, PA] at some point. I don't know.";

f) During his period of incarceration in Pennsylvania, plaintiff filed a separate *pro se* lawsuit in federal court in the Eastern District of Pennsylvania; the complaint is signed by the plaintiff and under the signature line, plaintiff's North Whales address is provided.

---

1. Although defendants identify themselves as an "LLC," it is not entirely clear whether they claim to be a corporation or a partnership under state law. Given that the defendants'

citizenship is not contested, the court will make no further inquiry into the matter.

2. This is apparently plaintiff's mother's home address.

As evidence of plaintiff's domicile in Pennsylvania following his incarceration (this is apparently offered to show plaintiff's intent to reside in Pennsylvania following his release from incarceration), defendants point to, among other things, plaintiff's admission that his current vehicle is registered in Pennsylvania. Moreover, defendants point to plaintiff's testimony that since his release, he has resided at 15 Derry Road, North Whales, PA. Plaintiff also testified that he presently does banking at the Commerce Bank in North Whales, Pennsylvania. When shown a voided check from Commerce Bank with his name on it, plaintiff acknowledged during his deposition that the check indicates that his address is now North Whales, Pennsylvania.

2. *Evidence in Support of a State Other Than Pennsylvania as Plaintiff's State of Citizenship.*

On the other hand, at an evidentiary hearing on the issue of plaintiff's citizenship, plaintiff provided the Court with a veritable hodgepodge of documents, in support of plaintiff's position that he was not a citizen of Pennsylvania prior to his term of incarceration. Rather than providing evidence in support of domicile in one particular state, plaintiff offered evidence of domicile in one of two potential states, either Maryland or New York.

For example, plaintiff testified that he lived in Monroe, New York (at the "James Motel") from about August or September of 2001 to about March of 2002, a half-year period immediately prior to his incarceration. To document this residency, plaintiff produced a used, mailing envelope, date-stamped December 21, 2001 by the U.S. Postal Service, from "Public Storage–24115, 201 Bellevue Road, Newark, DE" and addressed to "Ted McCracken, 370 Route 17M, Monroe, N.Y. 10950." As further evidence of residence in New York, plaintiff produced a New York State driver's license, issued on September 5, 2001. The address shown on this license, however, is P.O. Box 146, Malone, New York 12953.

Although somewhat inconsistent with his assertion of residence in the State of New York between September of 2001 and March of 2002, plaintiff also stated at the hearing that he resided in the State of Maryland from 1998 until 2002. As evidence of residence in Maryland, plaintiff provided the Court with a Maryland driver's license correction attachment, dated February 17, 1999 and showing an address at 202 Aster Lane, Forest Hills, Maryland; an incident report from "Upper Gwynedd" showing the same Forest Hills address; and a Maryland state record showing a "compuslory ins violation" on September 7, 1999 showing the same Forest Hills address. Plaintiff also introduced photographs of a damaged vehicle, bearing Maryland license plates, alleged by plaintiff to be the vehicle involved in the underlying personal injury lawsuit.

Plaintiff also provided the Court with an incident report from the Elkton County Police Department, dated May 10, 2000, showing plaintiff's address to be 157 W. High Street Elkton, Maryland. A printout from the Cecil County Maryland Circuit Court, dated January 24, 2001, regarding a criminal complaint filed against plaintiff was also made of record showing plaintiff's address to be 157 W. High Street, Elkton, Maryland. In further support of his residence in Elkton, Maryland plaintiff offered a Metrocall invoice, dated May 1, 1999, showing a mailing address of 157 W. Hight Street, Elkton, Maryland.

In a supplemental brief submitted after the hearing, plaintiff provided additional evidence of non-citizenship in Pennsylvania including the following: (1) a bill from Sprint PCS, dated December 13, 2001, showing plaintiff's address to be located in Monroe, NY; (2) plaintiff's bank state-

ments, dated October 15, 2001 and February 11, 2002, from Commerce Bank showing the North Whales Address, but itemizing ATM transactions from locations in New York, Delaware, and New Jersey, which plaintiff claims establishes his "substantial New York contacts"; a business card from the James Motel in Monroe, New York; and a toll receipt from the New Jersey Turnpike, dated January 3, 2002. Plaintiff also proffers that he is a longtime resident of New York and New Jersey, and that in the months prior to his incarceration, plaintiff resided with his fiancee in Elizabeth, New Jersey for "extended intermittent periods" between December of 2001 and March of 2002. Plaintiff claims that he and his fiancee stayed at her residence in Elizabeth, New Jersey, "but more often in motels from New York/New Jersey/Connecticut [sic] tri-state area." In February 2002, one month prior to his incarceration, plaintiff further claims that he applied for a position as a oil heat service technician at company located in Bloomfield, New Jersey.

## IV.   ANALYSIS.

■ The evidence before the Court shows that, at least for the past five years, plaintiff has lived what appears to be a transient, nomadic life and has at various times, used mailing addresses from Forest Hills, Maryland, Elkton, Maryland, Monroe, New York, Malone, New York, and North Whales, Pennsylvania. Based on plaintiff's own admissions, plaintiff has also maintained multiple so-called "residences" in Elizabeth, New Jersey and Connecticut. Plaintiff also appears to have held driver's licenses from at least three states—Maryland, Pennsylvania and New York—at the time the instant action was commenced. Plaintiff's brief claims that he "traveled throughout the New York/New Jersey/Delaware and Maryland areas throughout that period prior to his incarceration" and that his "extensive contacts in New York/New Jersey, including residences in Monroe, New York, NYS Driver's License, registrations, insurance policies held, and extensive contacts logged on bank statements and the cohabitation with plaintiff's fiancee' [in Connecticut]" warrant diversity jurisdiction.

Rather than providing evidence of domicile or citizenship in a particular state, plaintiff has attempted to establish that he is not a citizen of Pennsylvania. To that end, plaintiff has pointed to evidence of residences in two different states (New York and Maryland) while at the same time claiming residency in at least two others (New Jersey and Connecticut). This attempt to establish the negative, i.e., that plaintiff is not domiciled in Pennsylvania but rather in one or more other states, will not suffice for the purposes of showing the existence of diversity jurisdiction.

Evidence supporting a "negative statement that a party is not a citizen of a particular state ... does not eliminate the possibility that the person might be a citizen of no state." 13B *Federal Practice & Procedure* § 3611, at 517–18. As such, plaintiff must plead (and when challenged establish) his state of citizenship, defendants' state of citizenship, and demonstrate that his state of citizenship is different than the defendants' state of citizenship. *See Thurston v. Page,* 920 F.Supp. 152, 154 (D.Kan.1996) (finding plaintiffs' allegation that defendants were citizens of a state "other than" the state of plaintiff's citizenship insufficient for pleading diversity jurisdiction). Because plaintiff has not established his state of citizenship by a preponderance of the evidence, an essential element for diversity jurisdiction, he has failed to establish that this Court has jurisdiction over this case.[3]

3. Even if plaintiff were to assert that his citi-    zenship in one particular state (such as New

## V. CONCLUSION.

For these reasons, the case will be dismissed without prejudice.

### *ORDER*

**AND NOW**, this　　day of July 2004, for the reasons provided in the accompanying memorandum, it is hereby ORDERED that defendants' motion to dismiss/motion for summary judgment (doc. no. 15) is **GRANTED**.

It is **FURTHER ORDERED** that the case shall be **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

York) at the time the action commenced, plaintiff has not established this fact by a preponderance of the evidence.