[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2006
THOMAS K. KAHN
CLERK

No. 06-12884
Non-Argument Calendar
_____

D. C. Docket No. 06-00056-CV-1-MMP

VARIABLE ANNUITY LIFE INSURANCE COMPANY,
a corporation authorized to do business
in the state of Florida,
a.k.a. VALIC,

Plaintiff-Counter-Defendant-Appellee,

versus

DAVID ADEL,
DANIEL ADEL,

Defendants-Counter-Claimants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 2, 2006)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

David and Daniel Adel appeal the grant of preliminary injunction in this action against them for misappropriation of trade secrets and enforcement of a covenant not to compete. Variable Annuity Life Insurance Company, the Adels' former employer, filed a complaint against the Adels with jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. Because we are unable to determine whether the parties to this case are in fact of diverse citizenship, we remand the appeal to the district court to determine if jurisdiction exists.

Although no party to this appeal has raised the question of jurisdiction, "we are required, even sua sponte, to initiate an inquiry into our subject-matter jurisdiction whenever we become concerned that it may not exist." Gilchrist v. State Farm Mut. Auto. Ins. Co., 390 F.3d 1327, 1330 (11th Cir. 2004). In a suit based on diversity of citizenship, the plaintiff is required to allege each party's citizenship, and the allegations must show that the parties are diverse. Am. Motorists Ins. Co. v. Am. Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979). In its complaint, VALIC alleged that it is a corporation "organized pursuant to the laws of Texas and qualified to do business in the State of Florida" and that the Adels are residents of Florida. VALIC did not allege a principal place of business.

2

Because for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1), we cannot determine whether the parties are diverse. We remand this case to the district court, therefore, to determine if jurisdiction exists. On remand, the district court "can do this by giving the plaintiffs an opportunity to amend their defective pleadings. See 28 U.S.C. § 1653. Of course, if the amendments show that there is no diversity of citizenship, the district court must dismiss the action." Am. Motorists Ins., 600 F.2d at 16.

**REMANDED.**