[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16076
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-02350-ODE

BRENDA E. CROOK-PETITE-EL,

Plaintiff-Appellant,

versus

BUMBLE BEE SEAFOODS L.L.C.,
CHRISTOPHER LISCHEWSKI, C.E.O.,
CONNERS BROTHERS INCOME FUND,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 26, 2012)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Brenda Crook-Petite-el appeals *pro se* the district court's

dismissal with prejudice of her tort action as time-barred, pursuant to O.C.G.A. § 9-3-33. We must review *sua sponte* whether we have jurisdiction over an appeal and review such jurisdictional issues *de novo*. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). As to federal question jurisdiction, the Supreme Court has held that, unless Congress included a private, federal cause of action in a statute, the presence in a complaint of a claimed violation of that federal statute as an element of a state cause of action does not confer federal-question jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 819-20, 106 S. Ct. 3229, 3237-38, 92 L. Ed. 2d 650 (1986) (Brennan, J. dissenting).

In regard to diversity jurisdiction, pursuant to 28 U.S.C. § 1332, a district court has jurisdiction over all civil actions where (1) the amount in controversy exceeds $75,000, and (2) each defendant is a citizen of a state different from each plaintiff. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Ordinarily, a complaint must allege the citizenship, and not the residence, of an individual. *Molinos Valle Del Cibao, C. por A., v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011). We have held that a limited liability company, like a partnership, is a citizen of any state of which a member of the company is a citizen, and therefore, to sufficiently allege the citizenships of these entities, a party must list the citizenships of all the members of the limited liability

2

company.  *Mallory & Evans Contractors & Eng'rs, L.L.C. v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).  Citizenship of an unincorporated business trust is to be determined on the basis of the citizenship of its shareholders.  *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337-39 (11th Cir. 2002).

We have remanded a case to the district court for a determination of jurisdiction where the plaintiff's allegation of the defendant's citizenship in a diversity action was inadequate.  *American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979); *but see* 28 U.S.C. § 1653 (stating that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts").[1]

As to federal question jurisdiction, we conclude that none of the federal law Crook-Petite-el cited created a private, federal cause of action.  Therefore, there is no federal question jurisdiction.  *See Merrell Dow*, 478 U.S. at 819-20, 106 S. Ct. at 3237-38.

In regard to diversity jurisdiction, Crook-Petite-el (1) did not allege the citizenship of defendant Christopher Lischewski; (2) did not identify the members

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), we held that decisions by the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.

of the Bumble Bee limited liability corporation or allege their citizenship; (3) did not allege the legal status of Conners Brothers Income Fund and did not allege the identity or citizenship of any of its shareholders/members; and (4) alleged her residency rather than her state citizenship.  Due to the number of deficiencies that pertain to all parties, remand to the district court is appropriate to resolve whether diversity of citizenship exists.[2]

**VACATED AND REMANDED.**

---

[2] Since we remand to determine whether we have jurisdiction, we do not address the merits of whether Crook-Petite-el's tort claim was time-barred.  The motion of defendant Bumble Bee Foods, L.L.C. for an award of sanctions is DENIED without prejudice.