IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

BENJAMIN BOWDEN, as ) 
Administrator of the ) 
Estate of Betsy Dickert ) 
Bowden, Deceased, and ) 
CATHERINE BOWDEN, ) 
Individually, ) 
 ) 
 Plaintiffs, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:20cv467-MHT 
 ) (WO) 
COAST TO COAST CABLE, ) 
INC., and BRUCE P. ) 
BEAUDRY, ) 
 ) 
 Defendants. ) 

 ORDER 

 The allegations of the notice of removal are 
insufficient to invoke this court's removal 
jurisdiction under 28 U.S.C. §§ 1332 (diversity of 
citizenship) and 1441 (removal). To invoke removal 
jurisdiction based on diversity, the notice of removal 
must distinctly and affirmatively allege each party's 
citizenship. See McGovern v. American Airlines, Inc., 
511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).* The 
allegations must show that the citizenship of each 

plaintiff is different from that of each defendant. 28 
U.S.C. § 1332; see also 2 James Wm. Moore, et al., 
Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d ed. 
1998). 

 The notice of removal fails to meet this standard. 
First, the notice gives the "residence" rather than the 
"citizenship" of plaintiff Catherine Bowden and of 
decedent Betsy Dickert Bowden. See 28 U.S.C. 

§ 1332(c)(2) (“the legal representative of the estate 
of a decedent shall be deemed to be a citizen only of 
the same State as the decedent...."). An allegation 

that a party is a "resident" of a State is not 
sufficient to establish that a party is a "citizen" of 
that State. See Taylor v. Appleton, 30 F.3d 1365, 1367 

 * In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th 
Cir. 1981) (en banc), the Eleventh Circuit Court of 
Appeals adopted as binding precedent all decisions of 
the former Fifth Circuit handed down prior to the close 
of business on September 30, 1981. 
 2 
(11th Cir. 1994) (“Citizenship, not residence, is the 
key fact that must be alleged in the complaint to 

establish diversity for a natural person”). 
 In addition, the removal notice is insufficient 
because it does not indicate the citizenship of 
corporate defendant Coast to Coast Cable, Inc. 28 

U.S.C. § 1332(c) provides that a corporation shall be 
deemed a citizen, first, of all States by which it has 
been incorporated and, second, of the State where it 
has its principal place of business. To invoke 

jurisdiction based on diversity in a case in which a 
corporation is a party, it is thus necessary to allege 
distinctly and affirmatively all the States by which 

the corporation has been incorporated and the State in 
which the corporation has its principal place of 
business. See American Motorists Ins. Co. v. American 
Employers' Ins. Co., 600 F.2d 15, 16 and n.1 (5th Cir. 

1979) (per curiam). 
 *** 

 3 
 It is therefore the ORDER, JUDGMENT, and DECREE of 
the court that the removing party has until July 28, 

2020, to amend the notice of removal to allege 
jurisdiction sufficiently, see 28 U.S.C. § 1653; 
otherwise this lawsuit shall be remanded to state 
court. 

 DONE, this the 14th day of July, 2020. 
 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE 

 4