# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13298

_____

JOHN NELSON PATRICK MCEACHERN,
BLUE DEALER SERVICES, INC.,

Plaintiffs-Appellants,

*versus*

E.R.J. INSURANCE GROUP, INC.,
d.b.a. American Heritage Insurance Services,
PABLO CREEK SERVICES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-00023-BJD-JRK

2                      Order of the Court                      23-13298

_____

Before BRANCH, and LAGOA, Circuit Judges.

BY THE COURT:

We issued a jurisdictional question about the district court's subject matter jurisdiction under 28 U.S.C. § 1332 and, specifically, whether the relevant pleadings sufficiently alleged subject matter jurisdiction.

Appellants John Nelson Patrick McEachern and Blue Dealer Services, Inc. filed a motion to confirm an arbitration award, which failed to include any jurisdictional allegations. We are not persuaded by the appellants' argument that we can look through their motion to confirm to a complaint filed by another party in a separate but related case to establish diversity jurisdiction. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (stating that the party invoking diversity jurisdiction must allege the citizenships of the parties at the time suit is filed in federal court). And we decline to take judicial notice of diversity allegations in a complaint filed in a different case. *See Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (characterizing the taking of judicial notice as "a highly limited process").

Further, although the appellants suggest that they would amend the motion to confirm pursuant to 28 U.S.C. § 1653 to include jurisdictional allegations, they have not filed a motion to amend or stated what they would include in such a motion. When, as here, we cannot determine whether there was, in fact, complete

diversity of citizenship, we remand for proceedings on that issue. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) ("In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Accordingly, we REMAND this appeal to the district court for the limited purpose of determining the citizenship of the parties and whether diversity jurisdiction existed. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022-23; *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979). If the district court determines that the parties are completely diverse in citizenship, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings. If the district court determines that complete diversity did not exist, then it should vacate its rulings and dismiss the action. *See Am. Motorists*, 600 F.2d at 16.