In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12085

_____

ROBERT BLANCHARD,

Plaintiff,

ZURICH AMERICAN INSURANCE
COMPANY,

Intervenor-Appellant,

*versus*

JERRY DONALD WALKER,
ACE AMERICAN INSURANCE
COMPANY,

Defendants-Appellees,

ALLSTATE INSURANCE COMPANY,

Defendant.

2                    Order of the Court                 24-12085

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-00696-RAH-CWB

————————————

Before BRASHER and ABUDU, Circuit Judges.

BY THE COURT:

We issued jurisdictional questions about whether this appeal is taken from a final and appealable order and about the district court's subject matter jurisdiction under 28 U.S.C. § 1332. As to the district court's jurisdiction, we asked whether Zurich American Insurance Company's ("Zurich") intervenor complaint sufficiently alleged the parties' citizenship.

We are obligated to inquire into the district court's subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). For subject matter jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between all plaintiffs and defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). To sufficiently allege the citizenship of a corporation, a party must provide the corporation's state, or foreign country, of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). Zurich did not provide its principal place of business in its intervenor

24-12085                 Order of the Court                        3

complaint and has not moved to amend or otherwise correct the deficiency despite our jurisdictional question. *See id.*

When, as here, we cannot determine whether there was, in fact, complete diversity of citizenship, we remand for proceedings on that issue. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) ("In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Accordingly, we REMAND this appeal to the district court for the limited purpose of determining the citizenship of the parties and whether diversity jurisdiction existed. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022-23; *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979). If the district court determines that the parties are completely diverse in citizenship, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings. If the district court determines that complete diversity did not exist, then it should vacate its rulings and dismiss the action. *See Am. Motorists*, 600 F.2d at 16. We will address the finality issues presented in this appeal if it returns to us after limited remand.