[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2004
THOMAS K. KAHN
CLERK

No. 03-15917
Non-Argument Calendar

D. C. Docket No. 03-00022-CV-OC-10GRJ

ROLLING GREENS MHP, L.P.,

Plaintiff-Counter-Defendant-Appellant,

versus

COMCAST SCH HOLDINGS L.L.C.,

Defendant-Counter-Claimant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

**(June 23, 2004)**

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Rolling Greens MHP, L.P. appeals the summary judgment entered against it

and for Comcast SCH Holdings, L.L.C., in this declaratory judgment action, removed

from a Florida state court to the district court based on the district court's diversity jurisdiction. We raised sua sponte the issue of the jurisdiction of the district court because neither the complaint, the notice of removal, nor anything else in the record sufficiently alleges the citizenship of the parties, a limited partnership and a limited liability company. We remand this case to the district court for the limited purpose of determining whether diversity jurisdiction exists based on the citizenship of each partner of the limited partnership and on the citizenship of each member of the limited liability company.

## I. BACKGROUND AND PROCEDURAL HISTORY

Rolling Greens, a limited partnership, filed this case in Florida state court. Comcast, a limited liability company, removed the case to the district court pursuant to 28 U.S.C. § 1441, alleging diversity jurisdiction under 28 U.S.C. § 1332. In support of diversity jurisdiction, Comcast alleged that it is a "Delaware limited liability company with its principal place of business in Philadelphia, Pennsylvania," and that Rolling Greens "'is a California Limited Partnership.'" (R.1-1 at 3.) After removal, Rolling Greens filed an amended complaint, which also alleged diversity of citizenship, stating that Rolling Greens "is an Oregon Limited Partnership authorized to do business in" Florida, and that Comcast "is a Delaware Limited Liability Company authorized to do business in" Florida. (R.1-16 at 1.)

2

The case proceeded with the parties filing cross motions for summary judgment, and the court entering summary judgment for Comcast. Rolling Greens appeals.

We raised sua sponte the jurisdictional issue because we "have a responsibility to examine the subject matter jurisdiction of the district courts in actions that [we] review," *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1318 (11th Cir. 2001); we ordered the parties to brief the issue.

## II.  JURISDICTIONAL ISSUES AND STANDARD OF REVIEW

We address two jurisdictional questions.  First: how are the citizenships of a limited partnership and a limited liability company established for purposes of diversity jurisdiction?  And second: whether Comcast met its burden of establishing the citizenships of itself, a limited liability company, and of Rolling Greens, a limited partnership, for purposes of removing this case to federal court based on diversity jurisdiction.

These issues present questions of law, which we review de novo.  *Id*. at 1318.

III.  DISCUSSION

A.    How Are the Citizenships of a Limited Partnership and a Limited Liability Company Determined for Purposes of Diversity Jurisdiction?

The Supreme Court has settled the law on how the citizenship of a limited partnership is determined for purposes of diversity jurisdiction. In *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 1021 (1990), the Supreme Court held that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens.  In reaching this holding, the Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization.  494 U.S. at 195-96, 110 S. Ct. at 1021.  In applying this general rule to a limited partnership, rather than extending to it 28 U.S.C. § 1332(c)(1)'s statutory exception for corporations,[1] it reasoned that Congress, if it so chooses, is capable of adjusting the rules of diversity jurisdiction to account for unincorporated associations.  *Carden*, 494 U.S. at 196-97, 110 S. Ct. at 1022.

This circuit has not previously addressed the question of how to determine the citizenship of a limited liability company for diversity jurisdiction purposes.  We do so now.  The federal appellate courts that have answered this question have all

_____

[1]Rather than taking the citizenship of their members, corporations are citizens in the states of their incorporation and their principal place of business.  28 U.S.C. § 1332(c)(1).

4

answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding.

We hold that the general rule for unincorporated entities also applies to limited liability companies, in the absence of Congress's extending the treatment given to corporations. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("Given the resemblance between an LLC and a limited partnership, and what seems to have crystallized as a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, in 28 U.S.C. § 1332(c)(1)) . . . we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.") (citations omitted); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (holding that citizenship of a limited liability company was determined by the citizenship of its members, citing *Cosgrove*, 150 F.3d at 731); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that based on the similarities between limited liability companies and limited partnerships, and in the absence of a Congressional mandate, the general rule of citizenship based on membership applied). *See also Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed. Appx. 731, 732 (6th Cir. 2002) (stating, in an unpublished

5

opinion, that citizenship of limited liability company depends on citizenship of its members); *Provident Energy Assocs. of Mont. v. Bullington*, 77 Fed. Appx. 427, 428 (9th Cir. 2003) (same).

> B. Whether Comcast, in the Notice of Removal, Met Its Burden of Establishing the Citizenships of the Parties.

A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. *Williams*, 269 F.3d at 1319 ("Because this case was originally filed in state court and removed to federal court by [the Defendant], [the Defendant] bears the burden of proving that federal jurisdiction exists."); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof.").

Here, Comcast, the removing party, failed to adequately allege in its notice of removal the citizenships of itself or of Rolling Greens. And, nothing in the record establishes their citizenships. To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership.

6

Because Comcast failed to do so, it failed to carry its burden of establishing diversity of citizenship.

## IV. CONCLUSION

Because Comcast failed to adequately allege the citizenships of the members and partners of the parties, we are unable to determine whether the district court had diversity jurisdiction over this declaratory judgment action. We therefore remand this case to the district court for the limited purpose of determining the citizenships of the parties, consistent with this opinion.[2] If Comcast carries its burden with respect to establishing diversity of citizenship, we retain jurisdiction to consider the merits of this appeal; if Comcast fails, and there is no diversity of citizenship, then the district court should remand the case to state court for want of federal jurisdiction. *See Williams*, 269 F.3d at 1321 (similar limited remand).

LIMITED REMAND.

---

[2]The parties have offered to stipulate in this court the citizenships of the members of their organizations. We think that any such stipulation is best submitted to the district court on remand.