[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12840
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00390-CV-T-33-EAJ

EDWARD BUJANOWSKI,

Plaintiff-Appellee,

versus

LONNIE KOCONTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 30, 2009)

Before BLACK, BARKETT and PRYOR , Circuit Judges.

PER CURIAM:

This appeal arises out of Lonnie Kocontes's removal of a Florida state action

to federal court based on diversity jurisdiction and the subsequent remand to state court. Specifically, this appeal concerns the district court's orders issued under 28 U.S.C. § 1447(c) that: (1) adopted a magistrate judge's report and recommendation finding Kocontes liable for Edward Bujanowski's attorneys' fees and costs associated with the removal proceeding because Kocontes did not have an objectively reasonable basis for the removal; and (2) adopted in part another report and recommendation by the same magistrate, reducing the total fees sought by only 20%.

1.    **Removal**

A defendant may remove to federal court a civil action brought in state court, provided that the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Nevertheless, after removal, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Generally, 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal." 28 U.S.C. § 1447(d). We have, however, carved out a limited exception in that the appellate court "may review the merits of a remand order in considering whether the district court abused its discretion by awarding attorneys' fees and costs under 28 U.S.C. § 1447(c)." *Legg v. Wyeth*,

428 F.3d 1317, 1319 (11th Cir. 2005). An abuse of discretion "occurs if the court fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *Gray v. Bostic*, 570 F.3d 1321, 1324 (11th Cir. 2009) (quotation omitted).

Diversity jurisdiction exists for lawsuits between citizens of different states when the amount in controversy exceeds the statutorily prescribed amount. 28 U.S.C. § 1332(a). Diversity jurisdiction has to exist at the time of removal. *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58 (quotation marks and citations omitted). "[A] change of domicile requires a concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely." *Id.* at 1258 (quotation marks and citations omitted).

3

The Supreme Court has held that even though 28 U.S.C. § 1447(c) allows a court to require payment of just costs and attorneys' fees incurred as a result of removal, such fees "should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Supreme Court has further instructed that the "appropriate test for awarding fees under § 1447(c)" is to balance between deterring "removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," and safeguarding defendants' statutory right "to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

In this case, the district court did not abuse its discretion in finding, after an evidentiary hearing, that Kocontes did not have an objectively reasonable basis for removal when he filed a notice to remove in February 2008 because: (1) he was actually domiciled in Florida at the time; and (2) because of the overwhelming evidence of his Florida domicile, the removal was objectively unreasonable and was likely sought to prolong litigation and impose costs on the opposing party.

## 2. **Fees awarded**

We review "the district court's award of attorneys' fees and costs for an abuse of discretion." *Legg*, 428 F.3d at 1320. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

4

magistrate," after conducting a *de novo* determination of the portions to which the parties objected. 28 U.S.C. § 636(b)(1).

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In this Circuit, the starting point for calculating attorneys' fees is to multiply the number of hours reasonably expended by a reasonable rate to determine the "lodestar" amount, which has a strong presumption to be the reasonable sum. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Regarding hourly rates, we have held that a reasonable rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781(11th Cir. 1994) (quotation marks and citation omitted). Regarding reasonable hours, we have held that hours that are "excessive, redundant, or otherwise unnecessary," should not be included. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). Finally, if the number of hours is unreasonably high, the district court may employ either one of the following methods, but not both: (1) an hour-by-hour analysis to make a more precise determination, or (2) an across-the-board cut after calculating the reasonable sum. *Bivins*, 548 F.3d at 1351-52.

5

In this case, the district court did not abuse its discretion in only reducing the total amount requested by 20% instead of adopting the magistrate's recommendation of a 30% reduction.

**AFFIRMED.**