[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11701
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-00200-JSM-AEP


ANGELA W. DEBOSE,

                                                            Plaintiff-Appellant,

versus

ELLUCIAN COMPANY, L.P.,
ANDREA DIAMOND,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 30, 2019)

Before WILSON, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Angela DeBose, *pro se*, appeals the district court's denial of her motion to remand her case to state court, its dismissal of her suit based on the doctrine of *res judicata*, and its order referring her case to mediation.  Debose's suit stems from her allegedly wrongful termination from her job as the University Registrar at the University of South Florida (USF).

On appeal, DeBose argues that the district court: (1) erred in denying her motion to remand her case; (2) erred in granting Ellucian Company, L.P. and Andrea Diamond's motion to dismiss on the basis that *res judicata* barred Debose's claims; and (3) abused its discretion in managing its docket by ordering mediation, failing to issue a case management scheduling order, and constructively denying Debose an opportunity to amend her complaint.[1]  Finding no error or abuse of discretion, we affirm.

## I

Ellucian is a software developer whose products are used for academic and administrative recordkeeping.  Diamond was a Functional Consultant for Ellucian, and she met with DeBose at USF to discuss Ellucian's Degree Works software.  Diamond wrote a report about their meeting, which severely criticized DeBose and

---

[1] DeBose also appealed the district court's denial of her motion for relief from its judgment.  But because DeBose failed to present arguments regarding that issue in her brief, she has abandoned it on appeal.  *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (stating that a party abandons an issue "by failing to list or otherwise state it as an issue on appeal").

the Registrar's office as a whole.  The report was submitted to USF, and shortly thereafter DeBose was fired.  She subsequently sued USF, its Board of Trustees, and Ellucian[2] in federal court for a litany of federal- and state-law claims stemming from her termination; the claims against Ellucian in this suit were either dismissed with prejudice for failure to state a claim or were ruled on in Ellucian's favor at summary judgment.

DeBose later filed the suit at issue here—this time against Ellucian (again) and Diamond (for the first time)—in state court, alleging many of the same state-law claims that she asserted in her first suit (e.g., negligence, gross negligence, and negligent supervision), as well as a few new ones (e.g., wantonness and defamation), all stemming from her termination from USF.  Ellucian and Diamond attempted to remove the case to federal court, but they were initially unsuccessful as they couldn't demonstrate a sufficient amount in controversy for diversity-jurisdiction purposes.  But within one year of the commencement of the action, Ellucian and Diamond removed the case to federal court a second time—this time successfully.  In the meantime, they had gained access to trial testimony from a related action in which DeBose stated that she had suffered damages from the loss of her job and benefits in the amounts of $118,000 and $187,000, respectively.

---

[2] Diamond was not a party to the first suit, but her actions were detailed in DeBose's first amended complaint, which included a claim against Ellucian for negligent supervision of Diamond.

3

The district court found that this testimony sufficiently established the requisite amount in controversy and then denied DeBose's motion to remand the case. The district court ordered that the parties attempt to mediate their dispute, and when that mediation was unsuccessful it granted a pending motion to dismiss, holding that DeBose's claims were barred by *res judicata*.

On appeal, Debose challenges the district court's determination that diversity jurisdiction existed and that removal was proper, its dismissal of the case based on the doctrine of *res judicata*, and its handling of the case with respect to its order to mediate.

## II

"Whether a court has subject-matter jurisdiction to hear a matter is a question of law that we review *de novo*." *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012). We also review *de novo* the denial of a motion to remand, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012), and the determination of a district court's removal jurisdiction, *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001). The removing party bears the burden of proving that removal jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

4

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts are vested with original diversity jurisdiction over claims between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

For federal diversity jurisdiction to attach, "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). A limited partnership (like Ellucian) is a citizen of any state of which a partner is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004). A natural person is a citizen of the state in which they are domiciled. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

If removal is based on diversity jurisdiction, the sum demanded in good faith in the initial pleading is the amount in controversy. 28 U.S.C. § 1446(c)(2). Removal is also proper and the amount in controversy is met "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Id.* at § 1446(c)(2)(B), § 1332(a).

5

To remove a civil action pending in state court to federal court, a defendant must file a notice of removal in the United States district court where such action is pending "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id*. at § 1446(a), (b). If the case was not removable based on the initial pleadings, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3). If removal is based on diversity of citizenship, a case may not be removed under § 1446(b)(3) "more than 1 year after commencement of the action." *Id.* at § 1446(c)(1). The untimeliness of a removal is a procedural issue, not a jurisdictional defect. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

Here, the district court did not err in denying DeBose's motion to remand to state court, because it properly found diversity jurisdiction. There was complete diversity—DeBose is a citizen of Florida, Diamond is a citizen of Pennsylvania, and Ellucian is a citizen of Delaware and Virginia, the states of citizenship of its partners.[3] Ellucian's contractual ties to Florida do not establish citizenship there.

---

[3] Although DeBose now contends that Ellucian is a citizen of Florida—like her—and is therefore

6

*Cf. Rolling Greens MPH, L.P.*, 374 F.3d at 1021. Moreover, Ellucian and Diamond met their burden of establishing the amount in controversy by a preponderance of the evidence through their introduction of DeBose's trial testimony recounting that her damages exceeded $75,000. Finally, the case was removed within the one-year deadline, and DeBose forfeited any argument about Ellucian and Diamond not removing within the parameters of the 30-day rule, as she did not raise this argument below.[4]

### III

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012). To survive a motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether a *pro se* plaintiff states a viable claim, we liberally construe her complaint. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

---

not a diverse party, in her prior suit in federal court she stated that she and Ellucian were completely diverse, in support of her assertion of federal diversity jurisdiction over many of the same claims.

[4] We generally will not consider the merits of issues not raised before the district court. *See Narey v. Dean*, 32 F.3d 1521, 1526–27 (11th Cir. 1994).

Under Federal Rule of Civil Procedure 12(b), a court generally may not consider materials outside of the complaint without first converting the motion to dismiss into a motion for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). A district court may, however, take judicial notice of certain facts—including public records—without converting a motion to dismiss. *See, e.g.*, *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Federal Rule of Evidence 201(b)(2) allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "[A] court may take notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotation marks omitted).

Whether *res judicata* bars a claim is a question of law that we review *de novo*. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). *Res judicata* applies if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."[5] *Id.*; *see also Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105

---

[5] Ellucian and Diamond assert that Florida state law on *res judicata* should apply here, based on

8

(Fla. 2001). "[A] dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata*," *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1170 (5th Cir. 1980) (emphasis added), as is a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). Additionally, "disposition of a case on summary judgment grounds represents a final adjudication on the merits" and "forecloses subsequent litigation on the matter." *Griffith v. Wainwright*, 772 F.2d 822, 825 n.4 (11th Cir. 1985).

---

the Supreme Court's precedent in *Semtek Int'l Inc. v. Lockheed Martin Corp.*, which held that "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity," and that federal common law should be derived from "the law that would be applied by state courts in the State in which the federal diversity court sits." 531 U.S. 497, 508 (2001). The district court in this case relied largely on federal *res judicata* law to come to its decision. The district court's jurisdiction in DeBose's first round of litigation, however, did not rest exclusively on diversity jurisdiction: In her first amended complaint in that suit, DeBose asserted that the district court had federal-question, diversity, *and* supplemental jurisdiction over Ellucian. After a number of her claims were dismissed with prejudice, she further amended her complaint—the operative third amended complaint presenting her surviving claims asserted that the district court had federal-question and supplemental jurisdiction—*not* diversity jurisdiction.

Our jurisprudence on whether state or federal *res judicata* law applies in cases involving diversity jurisdiction has a convoluted and contradictory history. *See CSX Transp., Inc. v. General Mills, Inc.*, 846 F.3d 1333, 1335, 1338 (11th Cir. 2017) (clarifying "discordant" case law on "whether federal common law borrows the doctrine of collateral estoppel as defined by state law, or applies the doctrine only as defined by federal law, to determine the preclusive effect of an earlier judgment of a federal court that exercised diversity jurisdiction" in light of the Supreme Court's holding in *Semtek* (citations omitted)). Gratefully, we need not hash out which *res judicata* law should apply here, as we have held that "[a] comparison between Florida rules and federal rules governing claim and issue preclusion reveals that the relevant principles are largely identical." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1337 (11th Cir. 2014) (collecting and comparing Florida and Eleventh Circuit preclusion cases). So, under either federal or Florida law, our holding here remains the same.

9

We've also held that "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same claim or cause of action for purposes of *res judicata*." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990) (emphasis added) (internal quotation marks and citation omitted). The doctrine of *res judicata* thus "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale*, 193 F.3d at 1238; *see also Juliano*, 801 So. 2d at 105.

Generally, "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940). However, a nonparty is bound by a judgment if he was in privity with a party to that judgment. *See Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010); *see also Jasser v. Saadeh*, 103 So. 3d 982, 985 (Fla. Dist. Ct. App. 2012). We have recognized that "most other federal circuits have concluded that employer-employee or principal-agent relationships may ground a claim preclusion defense, regardless which party to the relationship was first sued," and we have applied claim preclusion to bar a suit against an employer company after a suit against the company's employee/agent directors was dismissed with prejudice. *See Citibank, N.A.,* 904 F.2d at 1500–03.

10

As a preliminary matter, the district court here properly took judicial notice of the pleadings and orders in DeBose's earlier federal case stemming from her allegedly wrongful termination, as the records in that case were not subject to reasonable dispute. *See Jones*, 29 F.3d at 1553. Likewise, the district court's dismissal of DeBose's claims under the doctrine of *res judicata* was proper. Here, there is no dispute that the district court in DeBose's earlier federal case was a court of competent jurisdiction, and its rulings on her claims against Ellucian were final judgments on the merits. DeBose could have raised all her current claims in her earlier suit, as they arise from the same nucleus of operative facts—her termination from USF. *See Citibank, N.A.*, 904 F.2d at 1503. And Diamond—as Ellucian's employee/agent—is in privity with it for *res judicata* purposes, despite not being named in the first suit. *See id.* at 1502–03. DeBose's claims are therefore barred by *res judicata*.

## IV

When a party claims that she was "materially prejudiced by the district court's mismanagement of a case," we review for abuse of discretion. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

Federal Rule of Civil Procedure 16(b)(1)–(2) requires the district court to issue a scheduling order—unless exempted by a local rule—"as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it

11

within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." The local rules for the United States District Court for the Middle District of Florida state that the court will ordinarily rule on a motion to dismiss "within 60 days after receipt of the last paper directed to the motion." M.D. Fla. R. 3.05(c)(2)(A). Additionally, parties must "meet within 60 days after service of the complaint upon any defendant, or the first appearance of any defendant, regardless of the pendency of any undecided motions," to prepare and file a case management report, and after the court receives that report it will either schedule a preliminary pretrial conference or enter a case management and scheduling order. *Id.* at (c)(2)(B), (D).

Federal Rule of Civil Procedure 16(c)(2)(I) states that a district court may act on the matter of "settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule." The local rules for the Middle District of Florida allow the court to refer any civil action or claim to a mediation conference. M.D. Fla. R. 9.03(a).

Federal Rule of Civil Procedure 15(a)(1)–(2) allows a party to amend its pleading before trial once as a matter of right within 21 days of service, or, after 21 days, with either the opposing party's consent or the court's leave. A district court must grant a plaintiff leave to amend "when justice so requires," which is particularly important when the plaintiff is *pro se*. *See Woldeab v. Dekalb Cty. Bd.*

12

*of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018) (quotation omitted).  A district court need not, however, "grant leave to amend when either (1) the district court has a clear indication that the plaintiff does not want to amend [her] complaint, or (2) a more carefully drafted complaint could not state a claim."  *Id*. (internal quotation marks and citation omitted).

Here, the district court did not abuse its discretion in its management of DeBose's case.  Its order for the parties to attend mediation was within its discretion and was permitted under the local rules.  Any failure to issue a case management and scheduling order was not an abuse of discretion, as the parties had not yet prepared a case management report and there was a pending motion to dismiss when mediation was ordered.  Lastly, it did not constructively deny DeBose an opportunity to amend her complaint because it was her burden to seek leave to amend—not the court's—and she could not have saved her complaint by amending it, in any event, as her claims were barred by *res judicata*.  *See Woldeab*, 885 F.3d at 1291–92.  Accordingly, we affirm.

**AFFIRMED.**