IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

DENNIS COLEMAN, ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:20cv57-MHT 
 ) (WO) 
DOLLAR TREE STORES, ) 
 ) 
 Defendants ) 

 ORDER 
 The allegations of the notice of removal are 
insufficient to invoke this court's removal 
jurisdiction under 28 U.S.C. §§ 1332 (diversity of 
citizenship) 1441 (removal). To invoke removal 
jurisdiction based on diversity, the notice of removal 
must distinctly and affirmatively allege each party's 
citizenship. See McGovern v. American Airlines, Inc., 
511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The 
allegations must show that the citizenship of each 
plaintiff is different from that of each defendant. 
See 28 U.S.C. § 1332; see also 2 James Wm. Moore, et 
al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d 
ed. 2006). 
 The removal notice is insufficient because it does 

not properly allege the citizenship of defendant Dollar 
Tree Stores, which, according to the notice of removal, 
is a limited liability corporation. “[L]ike a limited 
partnership, a limited liability company is a citizen 

of any state of which a member of the company is a 
citizen.” Rolling Greens MHP, L.P. v. Comcast SCH 
Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). 
The complaint must therefore allege “the citizenships 

of all the members of the limited liability company.” 
Id. (And if the entity consists of several entities, 
the complaint must reflect the citizenship, or 
citizenships, of each and every entity based on the 

nature of that entity.) 
 *** 

 2 
 It is therefore the ORDER, JUDGMENT, and DECREE of 
the court that the defendant has until February 10, 
2020, to amend the notice of removal to allege 

jurisdiction sufficiently, see 28 U.S.C. § 1653; 
otherwise this lawsuit shall be remanded to state 
court. 
 DONE, this the 28th day of January, 2020. 

 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE 

 3