IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

MELVIN JAMES, ) 
 ) 
 Plaintiff, ) 
 ) 
 v. ) CASE NO. 2:20-CV-298-WKW 
 ) [WO] 
BERNARDINO MEJIA, et al., ) 
 ) 
 Defendants. ) 

 MEMORANDUM OPINION AND ORDER 
 I. INTRODUCTION 
 On April 30, 2019, Melvin James (“Plaintiff”), an Alabama citizen, filed a 
complaint in the Circuit Court of Montgomery County, Alabama, against Bernardino 
Mejia (“Mejia”), Alfa Mutual Insurance Company (“ALFA”), also an Alabama 
citizen, USAA Casualty Insurance Company (“USAA”), a Texas citizen, and certain 
fictitious defendants. (Doc. # 2-3.) On February 26, 2020, Plaintiff amended his 
complaint to include an additional claim against a new defendant—Gonzalez Mario 
Mejia (“Mario Mejia”). (Doc. # 2-11.) All told, Plaintiff’s complaint contains three 
causes of action: (1) negligence/wantonness and negligence per se against Mejia; 
(2) breach of contract against ALFA and USAA; and (3) negligence/wanton 
entrustment against Mario Mejia. On April 30, 2020, USAA removed the case, with 
consent from all properly served Defendants, to federal court based on diversity 
jurisdiction. 28 U.S.C. §§ 1332(a), 1441, and 1446(b)(3).1 

 Now before the court is Plaintiff’s Motion to Remand. (Doc. # 1.) In his 
motion, Plaintiff also requests an award of costs and attorney’s fees pursuant to 28 
U.S.C. § 1447(c). The primary issue is whether the Alabama citizenship of ALFA 

(Plaintiff’s uninsured motorist carrier) should be considered in determining whether 
complete diversity exists. As explained more fully below, the motion to remand is 
due to be granted because ALFA is not a nominal party and its Alabama citizenship 
must be considered for jurisdictional purposes. As a result, complete diversity does 

not exist in this case. However, Plaintiff is not entitled to an award of costs and 
attorney’s fees. 
 II. STANDARD OF REVIEW 

 “[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred 
upon them by Congress.” Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 
(1996). However, “[f]ederal courts are courts of limited jurisdiction.” Burns v. 
Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); see also Kokkonen Guardian 

Life Ins. Co. of Am., 511 U.S. 375, 379 (1994). Thus, with respect to cases removed 

 1 At the time of removal, Plaintiff had not yet perfected service of process on Mario Mejia. 
(See Doc. # 8, at 3 (stating that Mario Mejia had not been served as of June 10, 2020).) 
Accordingly, his consent to removal was not required. See 28 U.S.C. § 1446(b)(2)(A) (providing 
that “all defendants who have been properly joined and served must join in or consent to the 
removal of the action”). 
to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors 
remand where federal jurisdiction is not absolutely clear. “[R]emoval statutes are 

construed narrowly; where plaintiff and defendant clash about jurisdiction, 
uncertainties are resolved in favor of remand.” Burns, 31 F.3d at 1095. 
 III. BACKGROUND 

 Plaintiff’s claims arise out of a two-car collision, in which Plaintiff and Mejia 
were drivers, that took place at the intersection of Eastern Boulevard and Buckboard 
Road in Montgomery, Alabama. Specifically, Plaintiff alleges that Mejia’s 
negligent and/or wanton conduct caused his vehicle to collide with Plaintiff’s 

vehicle, resulting in significant injuries to Plaintiff. In addition to suing Mejia, 
Plaintiff exercised his right under Alabama law to bring suit against his own 
uninsured2 motorist carriers—USAA and ALFA. See Lowe v. Nationwide Ins. Co., 

521 So. 2d 1309, 1310 (Ala. 1988) (holding that “[a] plaintiff is allowed either to 
join as a party defendant his own liability insurer in a suit against the underinsured 
motorist or merely to give it notice of the filing of the action against the motorist 
and the possibility of a claim under the underinsured motorist coverage at the 

conclusion of the trial”) (emphasis in original) (alteration added). As named parties 
in the litigation, USAA and ALFA had “the right, within a reasonable time after 

 2 Alabama Code § 32–7–23(b) defines “uninsured motorist” to include “underinsured 
motorist.” 
service of process, to elect either to participate in trial . . . or not to participate in the 
trial . . . .” Id. (emphasis in original). To date, neither USAA nor ALFA has opted 

out of this lawsuit. 
 According to USAA, “[t]he case stated in Plaintiff’s initial complaint, First 
Amended Complaint, and Second Amended Complaint [was] not removable 

because, in each Plaintiff alleg[ed] . . . that [Mejia was] a citizen of the State of 
Alabama.” (Doc. # 2, at 4.) USAA claims that the case only became removable 
once its counsel received a letter on April 15, 2020, from a non-party insurance 
company (who initiated a separate declaratory judgment action against Plaintiff 

concerning insurance coverage issues arising out of the same events as this case) that 
indicated Mejia was “a citizen of Mexico, and [was] not a citizen of the State of 
Alabama as alleged in [Plaintiff’s]” state court pleadings. (Doc. # 2, at 5.) While 

the face of the letter does not discuss Mejia’s citizenship, it does contain attachments 
from Plaintiff’s answer to the non-party’s declaratory judgment complaint, wherein 
Plaintiff responds that Mejia “is believed to be from Mexico.” (Doc. # 2-2, at 532.) 
USAA contends that this letter “constitutes ‘other paper’ . . . from which [it] could 

first ascertain that [Mejia] was not in fact a citizen of Alabama and that this case was 
removable on diversity jurisdiction grounds.” (Doc. # 2, at 5 (emphasis in original).) 
 IV. DISCUSSION 
 A. ALFA is not a Nominal Party 

 Mejia’s citizenship is of no moment because Plaintiff persuasively asserts that 
ALFA is not a nominal party in this lawsuit and that, as a result, its Alabama 
citizenship must be considered for jurisdictional purposes.3 To be sure, “federal 

courts must disregard nominal or formal parties and rest jurisdiction only upon the 
citizenship of real parties to the controversy.” Thermoset Corp. v. Bldg. Materials 
Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017) (quotations and citation omitted). 
The Eleventh Circuit’s decision in Broyles v. Bayless, 878 F.2d 1400 (11th Cir. 

1989) provides the framework for determining whether ALFA qualifies as a real 
party to this controversy. 
 In Broyles, the Eleventh Circuit addressed a question similar to the one at 

issue here: “Should a federal court consider the residence of an uninsured motorist 
carrier, served with process pursuant to Tennessee’s uninsured motorist statute, 
when determining diversity for federal jurisdiction purposes?” Id. at 1401. 
Ultimately, the Broyles court held that the citizenship of the plaintiff’s uninsured 

motorist carrier should not have been considered in determining diversity 

 3 Because ALFA is more than a nominal party, the court need not and declines to decide 
whether Plaintiff’s answer to a separate declaratory judgment action, wherein he simply states that 
Mejia is believed to be from Mexico, is “other paper” supporting removal or is enough to establish 
diversity jurisdiction. 
jurisdiction because “of the law’s unique treatment of insurance companies as parties 
in tort litigation and because [the uninsured motorist carrier] was not the primary 

defender of [the] lawsuit.” Id. at 1402. The court reasoned that “[a]lthough liability 
insurance companies often have a real and substantial stake in their insured’s 
litigation, they are usually not treated as parties to an action involving their insured” 

due to their “indirect and invisible roles” in a traditional tort case. Id. at 1404. For 
instance, the court noted that “in a typical scenario, insurance companies defend the 
insured ‘in cognito’ so as to preserve its anonymity and remain undetected by the 
jury.” Id. Thus, it made “little sense to allow the company to proceed ‘in cognito’ 

and yet consider its phantom presence in determining diversity.” Id. at 1405. 
 Importantly, the Broyles court outlined three exceptions to the general rule 
that an uninsured motorist carrier’s citizenship should not be considered for federal 

jurisdiction purposes: (1) the carrier has “become subrogated to the rights of the 
insured after payment of the loss;” (2) it is “defending actions brought directly 
against [it]”; or (3) “for some reason [it] must assume primary and visible control of 
the litigation.” Id. at 1404 (citations omitted). 

 A decision from this district, Summerlin v. Nelson, No. 3:17-CV-36-CDL-
WC, 2017 WL 2177361 (M.D. Ala. Apr. 21, 2017), report and recommendation 
adopted, No. 3:17-CV-36-CDL, 2017 WL 2177337 (M.D. Ala. May 5, 2017), 

applied the Broyles framework and concluded that ALFA, also the uninsured 
motorist carrier in that case, was not a nominal party to the lawsuit because the 
company was defending an action brought directly against it. Consequently, the 

court considered ALFA’s Alabama citizenship for jurisdictional purposes, thus 
destroying complete diversity among the parties. To support its finding, the 
Summerlin court highlighted that ALFA had not opted out of the lawsuit and had 

engaged “in the litigation process, albeit minimally, by requesting discovery from 
Plaintiff, seeking a protective order for Plaintiff’s medical records, and answering 
Plaintiff’s complaint in state court.” Id. at *4. The court continued 
 Further, Plaintiff has not stated that he named Defendant ALFA as a 
 party Defendant solely for the purpose of satisfying the notice 
 requirement in Alabama insurance law. Indeed, Plaintiff’s opposition 
 to Defendant Nelson’s removal based upon the argument that 
 Defendant ALFA is not a nominal party cuts against such a 
 presumption. So does the wording of Plaintiff’s complaint. Plaintiff’s 
 complaint specifically states that “Defendant ALFA Insurance has 
 breached its contract with Plaintiff by failing to make payments to the 
 Plaintiff under the under-insured motorist provision of the Plaintiff’s 
 policy.” Clearly, that statement indicates that there is a live controversy 
 between Defendant ALFA and Plaintiff. 

Id. at *5 (citations omitted); see also Parker v. Morton, No. 18-00234-KD-B, 2019 
WL 1645207, at *4 (S.D. Ala. Apr. 16, 2019) (rejecting uninsured motorist carrier’s 
argument that it was a nominal party when the company had not opted out of the 
litigation, answered the plaintiff’s complaint, and intended to seek discovery); cf. 
Oliver v. Rodriguez, No. 2:08-CV-0081-WHA, 2008 WL 928328, at *2 (M.D. Ala. 
Apr. 4, 2008) (finding that uninsured motorist carrier was a nominal party “because 
it ha[d] elected to opt out of the litigation and to be bound by the verdict and 
judgment of liability and damages”). 

 Here, as in Summerlin, ALFA is not a nominal party because the record 
indicates that it is defending an action brought directly against it. First, at no time, 
either in state court or after removal, has ALFA exercised its right under Alabama 

law to opt out of this lawsuit, nor has it indicated any intention to do so.4 
 Second, ALFA has engaged in the litigation process by filing an answer in 
state court (Doc. # 2-13); serving Plaintiff with interrogatories and requests for 
production (Doc. # 2-2, at 56); seeking a protective order for Plaintiff’s medical 

records (Doc. # 2-2, at 50); filing a joint motion to stay the state court proceedings 
(Doc. # 2-2, at 354); and joining USAA in its opposition to Plaintiff’s motion to 
remand (Doc. # 16). While “ALFA’s current involvement does not suggest that [it] 

is manning the litigation ship,” its limited participation, coupled with its decision to 
not opt out, does suggest that it is more than a nominal party in this case. Summerlin, 
WL 2017 2177361, at *4. 
 Third, “Plaintiff has not stated that he named . . . ALFA as a party defendant 

solely for the purpose of satisfying the notice requirement in Alabama insurance 
law.” Summerlin, 2017 WL 2177361, at *5. In fact, “Plaintiff’s opposition to 

 4 Conversely, USAA filed a motion in state court seeking an extension of time concerning 
its decision to opt out of the litigation. (Doc. # 2-5.) 
[USAA’s] removal based upon the argument that . . . ALFA is not a nominal party 
cuts against such a presumption” as “does the wording of Plaintiff’s complaint.” Id. 

Plaintiff brings a direct cause of action against ALFA, expressly alleging that the 
company has breached its insurance contract with him by failing to pay $25,000 in 
uninsured motorist benefits. (Doc. # 2-3, at 5.) Like Summerlin, the opposition to 

removal and allegations in the complaint provide further support that there is a live 
controversy between Plaintiff and ALFA. 
 USAA attempts to distinguish Summerlin on the grounds that a live 
controversy does not exist between Plaintiff and ALFA. (Doc. # 11, at 12.) 

Specifically, USAA argues that “although ALFA has not opted out, it has tendered 
to Plaintiff the entirety of benefits available under Plaintiff’s ALFA policy—i.e., 
ALFA has tendered its policy limits to Plaintiff.” (Doc. # 11, at 12.) However, 

USAA provides no legal authority, nor is the court aware of any, for the proposition 
that a mere settlement offer extinguishes an ongoing dispute between parties 
involving a breach of contract claim. 
 Moreover, USAA contends that the decision in Toole v. Chupp, 456 F. Supp. 

2d 1218 (M.D. Ala. 2006), is indistinguishable from the present case. USAA’s 
argument falls flat. In Toole, the district court concluded that ALFA, yet again the 
uninsured motorist carrier, was a nominal party and declined to consider the 

company’s Alabama citizenship for diversity jurisdiction purposes. Id. at 1219. In 
reaching its decision, the court noted that no controversy existed between the 
plaintiffs and ALFA because “ALFA ha[d] opted out (and even made explicit in its 

notice of opt out that it ‘agrees to be bound by the verdict of the jury and agrees to 
pay any judgment in accordance with its policy of insurance’) . . . .” Id. at 1221 
(alteration and emphasis added). The court also emphasized that the record and 

representations made by plaintiffs’ counsel during oral argument on the motion to 
remand made clear that the plaintiffs “named ALFA as a defendant for the sole 
purpose, as required by Alabama law, of putting its insurer on notice of the pendency 
of the litigation and giving the insurer the opportunity to participate or opt out.” Id. 

Furthermore, the plaintiffs in Toole did not bring a direct cause of action against 
ALFA. Id. at 1221 n.4. 
 Here, unlike Toole, ALFA decidedly has not exercised its right to opt out of 

the case. Nor has Plaintiff indicated that he named ALFA for the sole purpose of 
fulfilling the notice requirement under state law. Indeed, as discussed above, 
Plaintiff’s actions suggest otherwise. Further distinguishing Toole is the fact that 
Plaintiff has brought a direct claim against ALFA for breach of contract. Given 

these differences, Toole is inapposite to the case at bar. 
 In a last-ditch effort to circumvent ALFA’s Alabama citizenship, USAA 
asserts that ALFA is not a required party under Federal Rule of Civil Procedure 19, 

and should be dropped pursuant to Federal Rule of Civil Procedure 21 “in order to 
preserve . . . diversity jurisdiction.” (Doc. # 2, at 13.) This argument is unavailing 
because it is well settled that diversity jurisdiction is established at the time of 

removal, not after. See PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th 
Cir. 2016) (explaining that diversity jurisdiction is determined “at the time of 
removal”); see also Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 

(2004) (“It has long been the case that the jurisdiction of the court depends upon the 
state of things at the time of the action brought.”) (cleaned up). 
 B. Plaintiff is not Entitled to Costs and Attorney’s Fees 
 The facts and basis for USAA’s removal do not support an award of costs and 

attorney’s fees to Plaintiff under § 1447(c). To begin, there is no automatic 
entitlement to an award of costs and attorney’s fees under § 1447(c). The plain 
language of the statute, which provides that the “order remanding the case may 

require payment of just costs and any actual expenses including attorney fees, 
incurred as a result of removal,” § 1447(c), makes such an award discretionary. The 
Supreme Court in Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), explained: 
 [T]he standard for awarding fees should turn on the reasonableness of 
 the removal. Absent unusual circumstances, courts may award 
 attorney’s fees under § 1447(c) only where the removing party lacked 
 an objectively reasonable basis for seeking removal. Conversely, when 
 an objectively reasonable basis exists, fees should be denied. In 
 applying this rule, district courts retain discretion to consider whether 
 unusual circumstances warrant a departure from the rule in a given case. 
 For instance, a plaintiff’s delay in seeking remand or failure to disclose 
 facts necessary to determine jurisdiction may affect the decision to 
 award attorney’s fees. When a court exercises its discretion in this 
 manner, however, its reasons for departing from the general rule should 
 be “faithful to the purposes” of awarding fees under § 1447(c). 

Id. at 141 (internal citations omitted). 
 The “‘appropriate test for awarding fees under § 1447(c)’ is to balance 
deterring ‘removals sought for the purpose of prolonging litigation and imposing 
costs on the other party,’ and safeguarding defendants’ statutory right ‘to remove as 
a general matter, when the statutory criteria are satisfied.’” Bujanowski v. Kocontes, 

359 F. App’x 112, 113–14 (11th Cir. 2009) (quoting Martin, 546 U.S. at 140). 
 The only argument that Plaintiff makes in favor of an award for costs and 
attorney’s fees is a cursory statement that USAA “removed this case from state court 
without any proof that [Mejia] was a citizen of Mexico or any other state at the time 

of the accident.” (Doc. # 19, at 11.) However, this argument overlooks the fact that 
USAA premised removal on Plaintiff’s own response to a separate declaratory 
judgment action, wherein Plaintiff stated that Mejia was believed to be from Mexico. 

Keeping in mind that the court makes no judgment concerning Mejia’s status as a 
citizen of a foreign state, this allegation, if true, gave USAA an objectively 
reasonable basis to remove the case. See 28 U.S.C. § 1332(a)(3) (“The district courts 
shall have original jurisdiction of all civil actions where the matter in controversy 

exceeds the sum or value of $75,000 . . . and is between . . . citizens of different 
States and in which citizens or subjects of a foreign state are additional parties.”). 
Moreover, USAA executed removal two weeks after receiving what it deemed 
“other paper,” thus indicating that removal was not a dilatory tactic. For these 
reasons, Plaintiff’s motion for costs and attorney’s fees is due to be denied. 

 V. CONCLUSION 
 At bottom, this case involves an ongoing dispute between two Alabama 
citizens—Plaintiff and ALFA. Accordingly, diversity jurisdiction does not exist, 

and it is ORDERED that Plaintiff’s motion to remand (Doc. # 1) is GRANTED. It 
is further ORDERED that Plaintiff’s motion for costs and attorney’s fees is 
DENIED. 
 The Clerk of the Court is DIRECTED to take the action necessary to 

accomplish the remand of this case to the Circuit Court of Montgomery County, 
Alabama. 
 DONE this 7th day of January, 2021. 

 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE