[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10895

Non-Argument Calendar

_____

ANA MARGARITA MARTINEZ,

Plaintiff-Appellant,

*versus*

NETFLIX, INC.,
OLIVIER ASSAYAS,
ORANGE STUDIOS, S.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-24328-WPD

_____

2                        Opinion of the Court                        23-10895

Before JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Upon our review of the record and the parties' responses to the jurisdictional question, this appeal is REMANDED to the district court for the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction existed in the first instance. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004).

While Appellant seeks leave to amend the amended complaint to allege her citizenship, as well as the citizenship of appellee Olivier Assayas, she does not seek to amend the citizenship allegations as to appellee Orange Studios, S.A ("Orange"). The amended complaint alleges only that Orange is a French anonymous society headquartered in France. However, that allegation is inadequate because it does not sufficiently allege Orange's principal place of business. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is deemed a citizen of every state and foreign state in which it has been incorporated and of the state or foreign state where it has its principal place of business); *Vareka Invs., N.V. v. Am. Inv. Props., Inc.*, 724 F.2d 907, 909 (11th Cir. 1984) (noting that a foreign corporation is deemed to be a citizen of the state in which it has its principal place of business); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (explaining that a corporation's principal place of business is normally its headquarters, so long as the headquarters is "the actual

center of direction, control, and coordination, *i.e.*, the nerve center").

Accordingly, we cannot definitively determine from the record whether the district court had diversity jurisdiction, so we REMAND to the district court for the limited purpose of determining whether the requirements of diversity jurisdiction are satisfied. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) ("In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century."). Appellant's motion to amend the citizenship allegations in the amended complaint, incorporated in her response to the jurisdictional question, is DENIED without prejudice to her seeking such an amendment on remand.

If the district court determines that the parties were completely diverse in citizenship, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings. However, if the district court determines that complete diversity did not exist, then it should indicate its intention to vacate its final order and return the record, as supplemented by that indicative order, to this Court for further proceedings.