In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-13866

————————————

ROLANDA JOHNSON-SHORTER,

*Plaintiff-Appellant,*

*versus*

SMITH TRANSPORT LLC,
  f.k.a. Smith Transport Inc.,
GERALD TICKLE,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-04398-SEG

————————————

Before JILL PRYOR and GRANT, Circuit Judges.

BY THE COURT:

Plaintiff appeals from the district court's order dismissing her complaint against Smith Transport LLC and Gerald Tickle. The allegations in the notice of removal, however, were insufficient to establish the citizenship of Smith Transport LLC so

2                        Order of the Court                    25-13866

as to invoke the district court's diversity jurisdiction. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2011) (stating that a limited liability company is a citizen of any state of which a member of the company is a citizen and, to sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (holding that diversity jurisdiction is determined at the time of removal).

We issued a jurisdictional question about this diversity issue. Defendants respond that their Certificate of Interested Persons and Corporate Disclosure Statement adequately establishes the citizenship of Smith Transport LLC. Plaintiff responds that those allegations are insufficient because they are not sworn. Plaintiff also responds that the notice of removal did not adequately establish the amount in controversy. Plaintiff asks us to remand to the district court with directions that it consider its jurisdiction or remand the matter to state court.

Because Defendants have not submitted admissible record evidence that establishes the citizenship of Smith Transport LLC and because Plaintiff now contests whether the amount in controversy has been met, Plaintiff's motion to remand is GRANTED in part. This appeal is REMANDED to the district court for the limited purpose of determining whether diversity jurisdiction existed when this action was removed to federal court. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022-23 (holding that,

25-13866                    Order of the Court                        3

when the record on appeal does not resolve a diversity jurisdiction issue and the parties do not resolve it on appeal, we remand to the district court for the limited purpose of determining diversity jurisdiction); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269-70 (11th Cir. 2013) (explaining that unsworn statements are not evidence and do not cure the deficiency without admissible record evidence that indicates jurisdiction); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining the procedure when a plaintiff contests a defendant's allegation as to the amount in controversy); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) ("In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction.  We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").  Plaintiff's motion to remand is DENIED to the extent it requests us to remand to the district court with directions to remand the matter to state court.

If the district court determines that diversity jurisdiction existed, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings.  If the district court determines that diversity jurisdiction did not exist, then it should vacate its rulings and dismiss the action for lack of subject matter jurisdiction.